WILLIAM J. GOINES (SBN: 61290)
goinesw@gtlaw.com
AMANDA D. DONSON (SBN: 300022)
donsona@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendants
Liquid Capital Exchange, Inc., BDB Capital, Inc.
(d/b/a Liquid Capital of Colorado)(erroneously sued
as Liquid Capital of Colorado), Sol Roter, an
Individual, and Bruce Dawson, an Individual

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIQUID CAPITAL EXCHANGE, INC., LIQUID CAPITAL OF COLORADO, SOL ROTER, AN INDIVIDUAL, AND BRUCE DAWSON, AN INDIVIDUAL,<br><br>Defendants. | Case No. CV15-00177-YGR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINT AND AUTHORITIES**<br><br>Date:     March 10, 2015<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 1, 4th Floor<br>Judge:  Hon. Yvonne Rogers |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 2

II. STATEMENT OF ISSUES .................................................................................................... 2

III. STATEMENT OF ALLEGED FACTS ................................................................................. 2

IV. ARGUMENT .......................................................................................................................... 4

    A. Plaintiff Fails to Plead Its Claims With The Requisite Specificity Required For Fraud Claims ................................................................................................................ 4

    B. Plaintiff's Claim for Aiding and Abetting Fraud (Count I) Should Be Dismissed Because Plaintiff Fails to Sufficiently Plead The "Substantial Assistance" Element ...................................................................................................................... 7

    C. Plaintiff's Claim for Fraud and Deceit – Fraudulent Concealment (Count III) Should be Dismissed Because Exchange Did Not Have a Duty to Disclose And Did Not Conceal A Material Fact .............................................................................. 8

V. CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) .................................................................................................. 4

*Azco Biotech Inc. v. Qiagen, N.V.*,
  2013 WL 4500782 (S.D. Cal. 2013) ............................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 4

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ..................................................................................... 4

*Neilsen v. Union Bank of California, N.A.*,
  290 F.Supp.2d 1101 (C.D. Cal. 2003) ......................................................................... 7

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ....................................................................................... 6

*Rodriguez v. United Airlines, Inc.*,
  5 F.Supp.3d 1131, 1135-36 (N.D. Cal. 2013) .............................................................. 8

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ....................................................................................... 5

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ..................................................................................... 5

*Walters v. Fidelity Mortg. of Cal., Inc.*,
  730 F. Supp. 2d 1185 (E.D. Cal. 2010) ....................................................................... 5

**State Cases**

*LiMandri v. Judkins*,
  52 Cal.App.4th 326 (1997) .......................................................................................... 8

*Saunders v. Superior Court*,
  27 Cal. App. 4th 832 (1994) ........................................................................................ 7

**Federal Rules**

Federal Rule of Civil Procedure 9(b) ..................................................................................... 4, 5

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 2, 4

**TO PLAINTIFF AND TO ITS ATTORNEY OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 10, 2015, at the hour of 2:00 p.m., or as soon as the matter may be heard in Courtroom 1, 4th Floor of the United States District Court located at 1301 Clay Street, Oakland, California, Defendant Liquid Capital Exchange, Inc. ("Exchange") will move this court for an order dismissing the Complaint of Plaintiff Marble Bridge Funding Group, Inc., ("Marble Bridge") pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that:

1. Plaintiff's cause of action against Exchange for Aiding and Abetting Fraud fails to state a claim upon which relief can be granted because Plaintiff fails to properly plead its claim with the requisite specificity.

2. Plaintiff's cause of action against Exchange for Fraud and Deceit – Intentional Misrepresentation fails to state a claim upon which relief can be granted because Plaintiff fails to properly plead its claim with the requisite specificity.

3. Plaintiff's cause of action against Exchange for Fraud and Deceit – Fraudulent Concealment fails to state a claim upon which relief can be granted because Plaintiff fails to properly plead its claim with the requisite specificity.

This motion will be based on this notice of motion and the accompanying Memorandum of Points and Authorities, and on such other and further argument and evidence which may be presented at the hearing on this motion.

DATED: January 20, 2015            GREENBERG TRAURIG, LLP


                                   By /s/ *William J. Goines*
                                      William J. Goines
                                      Amanda D. Donson

                                   Attorneys for Defendants Liquid Capital Exchange, Inc., BDB Capital, Inc. (d/b/a Liquid Capital of Colorado) (erroneously sued as Liquid Capital of Colorado), Sol Roter, an Individual, and Bruce Dawson, an Individual

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Marble Bridge Funding Group, Inc., ("Plaintiff" or "Marble Bridge") filed this lawsuit against Defendant Liquid Capital Exchange, Inc. ("Exchange") purporting to allege claims for (i) Aiding and Abetting Fraud, (ii) Fraud and Deceit – Intentional Misrepresentation, and (iii) Fraud and Deceit – Fraudulent Concealment. These purported claims stem from Plaintiff's payment to Exchange of $270,000.00 in exchange for Exchange terminating its financing arrangements and security interest with Nature's Own Pharmacy, LLC.

The complaint generally alleges defendants Exchange, Sol Roter ("Roter"), BDB Capital, Inc. (d/b/a Liquid Capital of Colorado) (erroneously sued as Liquid Capital of Colorado) ("BDB Capital") and Bruce Dawson ("Dawson") (collectively, the "Defendants") knowingly submitted to or aided in the submission of fabricated financial records to Marble Bridge that purported to show "that the Fraudulent Participants listed as Nature's Own Buyers existed and were current in the payments of fake invoices that had been purchased from the fake company represented to be Nature's Own." Compl. ¶ 45. The complaint further alleges the Defendants "failed to reveal and concealed from Marble Bridge the facts that at all relevant times the Fraudulent Participants were engaged in the fraudulent scheme." Compl. ¶ 52.

Plaintiff's allegations are entirely insufficient to meet its heightened pleading standard for fraud claims because it fails to properly plead its fraud claims with the requisite specificity. For the reasons discussed in detail below, Exchange respectfully requests the Court grant Exchange's motion and dismiss Plaintiff's claims.

## II. STATEMENT OF ISSUES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Exchange respectfully requests this Court issue an order dismissing the complaint filed against it on the grounds that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to plead its fraud claims with the requisite level of specificity.

## III. STATEMENT OF ALLEGED FACTS[1]

According to the complaint, from 2008 through August 2012, individuals Kay Holloway

---

[1] While the allegations of the complaint are presumed to be true for the purposes of this motion to dismiss, Exchange denies the allegations of the complaint, and further denies that it is liable to Plaintiff.

("Holloway") and Greg Winters ("Winters") operated a number of fake companies, including a company known as Nature's Own Pharmacy, LLC ("Nature's Own"), for the purpose of defrauding factoring companies. Compl. ¶¶ 15, 25. Marble Bridge alleges factoring companies provide financing to growing companies by purchasing the accounts receivables (invoices) of those companies. *See* Compl. ¶ 8. Plaintiff and Exchange are both factoring companies. Compl. ¶¶ 8, 9.

Plaintiff alleges Bruce Dawson, the President of BDB Capital, a franchisee of Exchange, entered into a "lending agreement to purchase invoices of Nature's Own ...." Compl. ¶¶ 9, 17. Plaintiff further alleges that on April 6, 2011, "Liquid Capital", improperly defined in the complaint to include both Liquid Capital and BDB Capital, "issued its first funding [to Nature's Own], purchasing approximately $340,000 worth of invoices." Compl. ¶ 17.

Plaintiff further alleges Mr. Dawson learned that Nature's Own and its customers listed in the invoices submitted for factoring by Nature's Own were frauds. Compl. ¶ 18. Thereafter, Roter, Dawson, Exchange, and BDB Capital "entered into an agreement with the other fraudsters and Euler [Hermes American Credit Indemnity Company, a large international credit insurance company,] to induce a new factoring company to buy out Liquid Capital ...." Compl. ¶¶ 18, 19. Plaintiff alleges Exchange, Roter, Dawson and BDB Capital assisted Holloway and Winters' fraudulent scheme by making misrepresentations to and omitting material facts from Plaintiff. Compl. ¶ 39. Although Plaintiff admits Holloway provided Plaintiff with Exchange's accounts' receivable report for Nature's Own, Plaintiff broadly alleges Roter, Dawson, Exchange, and BDB Capital misrepresented the payments on the accounts' receivable report were current. Compl. ¶¶ 22, 23, 45. Plaintiff alleges Roter, Dawson, Exchange, and BDB Capital misrepresented to Plaintiff that Exchange was being bought out because Nature's Own wanted financing in excess of what "Liquid Capital" was willing to provide. Compl. ¶ 24. Plaintiff generally and broadly alleges each of Roter, Dawson, Exchange, and BDB Capital, knew and concealed that the accounts receivable reports provided to Plaintiff by Holloway were false and that Nature's Own and the "buyers" listed in its invoices were fake. Compl. ¶¶ 27, 55.

Notably, prior to Plaintiff's payment to Exchange of $270,000.00, Plaintiff admits it conducted its own investigation of Nature's Own and its owner and verified the buyers on Nature's Own's invoices. Compl. ¶¶ 22, 28. Thereafter, for approximately seven (7) months, Plaintiff continued to do

3

business with Nature's Own, purchasing over $2 million worth of invoices from the Nature's Own. Compl. ¶ 26. In February 2012, the "buyers" listed in the Nature's Own invoices all went into "past due" status. Compl. ¶ 33. As a result, Plaintiff claims to have lost in excess of $2.8 million. Compl. ¶ 35.

In its complaint, without distinguishing between the Defendants, Plaintiff attempts to allege three claims against Exchange, Roter, Dawson and BDB Capital: (i) Aiding and Abetting Fraud; (ii) Fraud and Deceit – Intentional Misrepresentation; and (iii) Fraud and Deceit – Fraudulent Concealment.

## IV. ARGUMENT

Under Federal Rule of Civil Procedure Section 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. While a court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor, it is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### A. Plaintiff Fails to Plead Its Claims With The Requisite Specificity Required For Fraud Claims

Plaintiff's claims must be dismissed because Plaintiff has not complied with the heightened pleading requirements for fraud claims. "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed

rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. *Id.* at 1106. The allegations of the complaint must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Further, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Id.* at 765 (citation omitted). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107.

When asserting fraud claims against a corporation, a "plaintiff's burden ... is even greater ...." *Walters v. Fidelity Mortg. of Cal., Inc.*, 730 F. Supp. 2d 1185, 1201-02 (E.D. Cal. 2010). The *Walters* Court explained a plaintiff's heightened burden in pleading fraud claims against corporations stating:

> [t]he plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' *Lazar v. Superior Court,* 12 Cal. 4th 631, 645 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996)(quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal App. 4th 153, 157, 2 Cal. Rptr. 2d 861 (1991)); *see also Akhavein v. Argent Mortgage Co.,* No. 5:09-cv-00634, 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July 17, 2009); *Edejer v. DHI Mort. Co.,* No. C 09-1302, 2009 U.S. Dist. LEXIS 52900, at *36 (N.D. Cal. June 12, 2009)(dismissing fraud claim where plaintiff did not allege any misrepresentation or false statements made by defendants and failed to allege names of individuals who made fraudulent representations).

*Walters v. Fidelity Mortg. of Cal., Inc.*, 730 F. Supp. 2d 1185, 1201-02 (E.D. Cal. 2010).

In a transparent effort to avoid meeting its heightened pleading obligations, Plaintiff improperly makes the boilerplate assertion that

> [e]ach and every Defendant herein was the agent, servant, employee, partner or joint venturer of the other Defendants herein; and at all said times, each of said Defendants was acting within the course and scope of said agency, service, employment, partnership and joint venture.

Compl. ¶ 7. However, such conclusory allegations are improper without reference to properly pled facts giving context to such conclusions. *Azco Biotech Inc. v. Qiagen, N.V.*, 2013 WL 4500782 (S.D. Cal. 2013) (Rejecting "[p]laintiff's 'threadbare assertion' that each defendant was the agent of every other

defendant.").[2]

Nowhere in the complaint does Marble Bridge *specifically* allege an actual misrepresentation *specifically* made by an employee of Exchange to Marble Bridge. Rather, Marble Bridge fails to allege "the time, place and specific content of …[a] false representation[] as well as the identit[y] of the parties to the misrepresentation" made by Exchange as required for claims sounding in fraud. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks omitted). Marble Bridge fails to sufficiently identify the "names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.* (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 2 Cal. Rptr. 2d 861, 862-63 (Cal. Ct. App. 1991)) (quotations omitted).

Instead of identifying the specific misrepresentations and omissions and the specific details regarding Exchange's alleged wrongdoing (ie. the who, what, when, where, and how) attributable to ***each*** of the Defendants, Marble Bridge repeatedly, broadly and generally makes conclusory allegations regarding all of the Defendants. For example, and not by way of limitation, Marble Bridge generally alleges:

> "**Roter, Dawson and Liquid Capital** entered into an agreement with the other fraudsters and Euler to induce a new factor to buyout Liquid Capital." Compl. ¶ 19 (emphasis added).

> "**Roter, Dawson and Liquid Capital** prepared falsified financial records misrepresenting that payments had been made on the receivables invoices and that the debts were current." Compl. ¶ 23 (emphasis added).

> "**Defendants** misrepresented to Marble Bridge that Liquid Capital was willing to be bought out by Marble Bridge because Nature's own wanted financing well in excess of what Liquid Capital wanted to provide." Compl. ¶ 24 (emphasis added).

> "**Defendants** had actual knowledge that Fraudulent Participants identifying their fraudulent company as Nature's Own were engaged in the fraudulent scheme." Compl. ¶ 37 (emphasis added).

> "**Defendants** actively and affirmatively assisted the fraudulent scheme and concealed it from Marble Bridge." Compl. ¶ 40 (emphasis added).

---

[2] Consistent with its `threadbare assertion' that the Defendants are all agents of one another, Plaintiff ignores BDB Capital, incorrectly sued as Liquid Capital of Colorado, and Exchange are two entirely separate and distinct legal entities. Indeed, although Plaintiff knows Exchange and BDB Capital are incorporated in two different states and have different principal places of business, Compl. ¶¶ 2 & 3, it nonetheless conveniently and improperly dubs both Exchange and BDB Capital as one entity – "Liquid Capital" – for the apparent purpose of evading its pleading obligations. Compl. ¶ 9.

6

These vague and general allegations are simply insufficient to allow Exchange to respond to the allegations and prepare an adequate defense. Plaintiff's failure to properly plead each of its three claims sounding in fraud in accordance with the heightened pleading rules for fraud claims requires the dismissal of each of its claims.

### B. Plaintiff's Claim for Aiding and Abetting Fraud (Count I) Should Be Dismissed Because Plaintiff Fails to Sufficiently Plead The "Substantial Assistance" Element

Generally, aiding and abetting fraud claims are held to the same heightened pleading standard required for pleading fraud claims. *Neilsen v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101 at n. 81 (C.D. Cal. 2003). In California, "[l]iability may also be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994).

In support of its aiding and abetting fraud claim, Marble Bridge alleges:

> Defendants gave substantial assistance to the fraudulent scheme, by among other things, inducing Marble Bridge to pay Liquid Capital by buying out Liquid Capital's lending to the Fraudulent Participants *by misrepresenting the aged accounts receivable that Liquid Capital was selling to Marble Bridge, and omitting material information* from Marble Bridge that Defendants knew that Nature's Own and the Nature's Own Buyer companies were all fake companies that did not exist.

Compl. ¶ 39 (emphasis added). However, Marble Bridge admits Holloway, *not Exchange*, provided the allegedly fraudulent aging report to Marble Bridge. Compl. ¶ 22.[3] Thus, Exchange did not undertake to make any representation to Marble Bridge, much less a misrepresentation, and did not substantially assist the purported fraudulent scheme.[4] Accordingly, Plaintiff has failed to meet the heightened standard for pleading a claim for aiding and abetting fraud. Thus, its claim should be dismissed.

---

[3] Paragraph 22 is reincorporated into Count I of the Complaint in paragraph 36.
[4] Even assuming Plaintiff's allegations could give rise to an aiding and abetting fraud claim, such a claim nonetheless fails because Plaintiff fails to allege specific facts about who at Exchange specifically engaged in the alleged misconduct, how Exchange had knowledge of Nature's Own's fraudulent scheme, what Exchange knew, when Exchange knew it, and how Exchange substantially assisted the alleged fraud.

7

### C. Plaintiff's Claim for Fraud and Deceit – Fraudulent Concealment (Count III) Should be Dismissed Because Exchange Did Not Have a Duty to Disclose And Did Not Conceal A Material Fact

Under California law, the elements of a claim for fraudulent concealment are: (1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage. *Rodriguez v. United Airlines, Inc.*, 5 F.Supp.3d 1131, 1135-36 (N.D. Cal. 2013). Here, Plaintiff has not properly pled facts supporting the first and second elements – that Exchange allegedly concealed a material fact and was under a duty to disclose such fact to the Plaintiff.

"In *LiMandri v. Judkins*, 52 Cal.App.4th 326 (1997), the court identified four circumstances in which a duty to disclose arises: (1) when the defendant is in a fiduciary relationship with the plaintiff;[5] (2) when the defendant had *exclusive* knowledge of material facts not known to the plaintiff; (3) when the defendant *actively conceals* a material fact from the plaintiff; and (4) when the defendant makes partial representations but also *suppresses some* material facts." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1133 (N.D. Cal. 2010). Taking the allegations of the complaint as true that Exchange had knowledge, which it did not, that the aging report submitted to Marble Bridge by Holloway was fraudulent, contrary to the conclusory allegations in paragraph 56 of the complaint, Exchange did not have *exclusive* knowledge of such "material facts." Throughout the complaint, Plaintiff identifies multiple individuals and/or entities who it alleges had knowledge of the alleged fraud. Specifically, Plaintiff identifies Holloway, Winters, Euler, Roter, Dawson, and BDB Capital all as having knowledge of the fraud. *See* Compl. ¶¶ 15-23. Thus, even assuming Exchange had knowledge of the alleged fraud, its knowledge was anything but exclusive. Next, Plaintiff conclusorily alleges the Defendants "actively concealed" and "suppressed material facts". However, Plaintiff fails to plead facts specifically alleging any efforts by Exchange to "suppress" or "actively conceal" material facts. Given the forgoing, Plaintiff has failed to plead the first and second elements of a claim for fraudulent concealment and its claim should be dismissed.

---

[5] Plaintiff does not allege, because it cannot, a fiduciary relationship between itself and Exchange as a basis for the purported duty to disclose.

## V. CONCLUSION

For the foregoing reasons, Exchange respectfully requests the Court grant its motion and dismiss all claims against it.

DATED: January 20, 2015                GREENBERG TAURIG, LLP


By /s/ *William J. Goines*
   William J. Goines
   Amanda D. Donson

Attorneys for Defendants Liquid Capital Exchange, Inc., BDB Capital, Inc. (d/b/a Liquid Capital of Colorado)(erroneously sued as Liquid Capital of Colorado), Sol Roter, an Individual, and Bruce Dawson, an Individual

1  WILLIAM J. GOINES (SBN: 61290)
   goinesw@gtlaw.com
2  AMANDA D. DONSON (SBN: 300022)
   donsona@gtlaw.com
3  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
4  East Palo Alto, California 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508

6  Attorneys for Defendants
   Liquid Capital Exchange, Inc., BDB Capital, Inc.
7  (d/b/a Liquid Capital of Colorado)(erroneously sued
   as Liquid Capital of Colorado), Sol Roter, an
8  Individual, and Bruce Dawson, an Individual

9

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12                              **OAKLAND DIVISION**

13 | MARBLE BRIDGE FUNDING GROUP, INC., | Case No. CV15-00177-YGR
14 | Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINT AND AUTHORITIES**
15 | v. |
16 | LIQUID CAPITAL EXCHANGE, INC., LIQUID CAPITAL OF COLORADO, SOL ROTER, AN INDIVIDUAL, AND BRUCE DAWSON, AN INDIVIDUAL, |
17 | | Date:    March 10, 2015
                                                  Time:    2:00 p.m.
18 | Defendants. | Dept.:   Courtroom 1, 4th Floor
                                                  Judge:   Hon. Yvonne Rogers

---

NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(6);    Case No. CV15-00177-YGR
MEMORANDUM OF POINT AND AUTHORITIES