UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC., <br><br>  Plaintiff, <br><br> v. <br><br> LIQUID CAPITAL EXCHANGE, INC., et al., <br><br> Defendants. | Case No.  5:15-cv-00177-EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 9 |

**I.   INTRODUCTION**

Plaintiff Marble Bridge Funding Group, Inc. ("Marble Bridge") brings the instant action against four defendants, Liquid Capital Exchange, Inc. ("Exchange"), Liquid Capital of Colorado (which is also known as BDB Capital, Inc. or "BDB Capital"), Sol Roter and Bruce Dawson, for claims related to an allegedly fraudulent business transaction. The specific facts asserted by Marble Bridge are detailed in a companion order filed this same date, and are not repeated here.

Presently before the court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) brought by Exchange. See Docket Item No. 9. Marble Bridge opposes the motion. See Docket Item No. 12. The court finds Exchange's arguments meritorious for the most part. The motion will therefore be granted for the reasons explained below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Fraud requires more detail. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). These allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). In other words, claims of fraudulent conduct must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir.2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the

2
Case No.: 5:15-cv-00177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1988).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

### III.   DISCUSSION

Exchange moves to dismiss all of Marble Bridge's claims for lack of specificity under Rule 9(b).  It separately moves to dismiss the claims for aiding and abetting a fraud and for fraudulent concealment for failure to state a claim.  These arguments are addressed below, keeping in mind that only Exchange is challenging the Complaint under Rule 12(b)(6).

#### A.   Rule 9(b)

Marble Bridge correctly acknowledges that its entire Complaint must satisfy the heightened pleading standard imposed by Rule 9(b).  The purpose of this more stringent requirement is "to ensure that adequate notice is provided to the parties accused of fraudulent conduct in order to allow for a meaningful defense."  Prime Media Grp. LLC v. Acer Am. Corp., No. 5:12-cv-05020 EJD, 2013 U.S. Dist. LEXIS 22437, at *8, 2013 WL 621529 (N.D. Cal. Feb. 19, 2013).  "Without such specificity, defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing."  Concha v. London, 62 F.3d 1493, 1502 (9th Cir.1995).  "Specific allegations that result in a targeted response benefit all parties involved; everyone gets to move forward on an equal footing with little left to speculate."  Prime Media Grp., 2013 U.S. Dist. LEXIS 22437, at *8.

In some respects, Rule 9(b)'s heightened pleading requirement also acts to bar the assertion of weak or unfounded - and potentially costly - claims of fraudulent conduct.  See Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir.2001).  Indeed, "[b]y requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."  Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir.1969).

3

Case No.: 5:15-cv-00177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

It is therefore unsurprising that, when Rule 9(b) is involved, "everyone did everything" allegations are not permitted. See Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" Id. (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)).

That said, Marble Bridge cannot lump two separate defendants into one designation and get away with it under Rule 9(b). In the Complaint, Marble Bridge refers to both BDB Capital and Exchange as "Liquid Capital," as if they were the one in the same. But they very clearly are not. Indeed, Marble Bridge states in the Complaint that Exchange is the Canadian franchisor and BDB Capital is the Colorado franchisee. Because it is an entity distinct from BDB Capital, Exchange is entitled to more detail about its purported role in the Nature's Own scheme and the personal corporate conduct that led up to the Marble Bridge buy-out. See Swartz, 476 F.3d at 764. This court has previously criticized this exact tactic under similar circumstances. See Morici v. Hashfast Techs., LLC, No. 5:14-cv-00087-EJD, 2015 WL 906005, at *3-4 (N.D. Cal. Feb. 27, 2015). It meets with same unwelcome reception for this Complaint. Marble Bridge will have to put forth more specific allegations, and better define the defendants' roles, if it wants to maintain any of its three claims against Exchange.

**B.     Aiding and Abetting a Fraud**

In California, liability may be imposed "on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 846 (1994).

Under what seems to be the first approach to aiding and abetting liability, Marble Bridge alleges that all of the defendants provided substantial assistance to the factoring fraud scheme initiated by Kay Holloway and her Nature's Own cohorts "by misrepresenting the aged accounts

4

Case No.: 5:15-cv-00177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

receivable that Liquid Capital was selling to Marble Bridge, and omitting material information from Marble Bridge" regarding the non-existent Nature's Own buyers. See Compl., Docket Item No. 1, at ¶ 39.

The problems with this "fraudulent reporting" allegation and the related supporting allegations that precede it are twofold. First, it suffers from the improper grouping of two defendants into one "Liquid Capital" designation, as discussed above. Second, the "substantial assistance" allegation appears to be inconsistent with other information Marble Bridge relies on for claim, namely the Holloway deposition.[1] Holloway testified that "Bruce" - likely in reference to Dawson - was who prepared the aged accounts receivable reports, not all of the defendants collectively. In light of Holloway's statement, it is difficult to understand how Exchange aided and abetted the Nature's Own scheme without more substantial allegations.

For these reasons, Marble Bridge has not stated a claim against Exchange for aiding and abetting a fraud.

### C. Fraudulent Concealment

"The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." Graham v. Bank of America, N.A., 226 Cal. App. 4th 594, 606 (2014).

For the second element, the parties both identify the four circumstances under which a duty to disclose arises: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when

---

[1] The court considers the Holloway deposition as part of the Complaint since Marble Bridge references it extensively as a basis for its allegations, and because Exchange also bases its argument on it. See United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (holding the court may, for a motion to dismiss, consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.").

the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997).

Since the facts of this case do describe a fiduciary relationship between Marble Bridge and the defendants, what is at issue is whether Marble Bridge has pled sufficient facts under the three subsequent circumstances. Reading much into the LiMandri court's insertion of the word "exclusive" into qualifying circumstance number two, Exchange argues it did not have "exclusive" knowledge of the Nature's Own scheme since there were other members involved in the fraud. No. This argument is nonsensical since it would essentially bestow immunity upon all fraudulent conspiracies involving more than one person. The court rejects this argument outright. It also rejects Exchange's related argument which takes issue with the absence of explicit allegations concerning Marble Bridge's knowledge of the Nature's Own scheme, or lack of it. Such fact is reasonably inferred from the Complaint as a whole.

However, Marble Bridge's problem with defendant-grouping is fatal to this claim in any event, and in particular its attempt to plead either the active concealment or partial suppression circumstances. Again, Marble Bridge's allegations do not sufficiently differentiate Exchange from BDB Capital, such that Exchange can understand what knowledge it had and what information it allegedly concealed or partially suppressed. Neither the allegations specified by Marble Bridge nor the e-mail from Roter attached to the opposition do anything to resolve that problem.

Thus, the court finds that Marble Bridge has not stated a claim against Exchange for fraudulent concealment.

### IV.   ORDER

Based on the foregoing, the Motion to Dismiss (Docket Item No. 9) is GRANTED, and all claims against Exchange are DISMISSED WITH LEAVE TO AMEND. Any amended complaint filed in response to this order must be filed and served on or before **October 12, 2015**.

Because the Complaint is dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: September 25, 2015



EDWARD J. DAVILA
United States District Judge

7
Case No.: 5:15-cv-00177-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS