UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIQUID CAPITAL EXCHANGE, INC., et al.,<br><br>　　　　　Defendants. | Case No.  5:15-cv-00177-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 62 |

In this action asserting claims for various forms of negligence and fraud, Plaintiff Marble Bridge Funding Group, Inc. ("Marble Bridge") alleges that Defendants Liquid Capital Exchange, Inc. and its executive, Sol Roter (collectively, the "Exchange Defendants"), helped orchestrate a transaction that resulted in Marble Bridge purchasing the accounts receivable of a sham company. After the court dismissed all claims against Liquid Capital Exchange, Inc., Marble Bridge filed a First Amended Complaint ("FAC") reasserting those claims. The Exchange Defendants now move for sanctions against Marble Bridge and its counsel under Federal Rule of Civil Procedure 11 because, according to them, the allegations in the FAC are without evidentiary support. Dkt. No. 62. Marble Bridge opposes the motion.

The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1.  "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." Sneller v.

1
Case No.: 5:15-cv-00177-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS

1   City of Bainbridge Island, 606 F.3d 636, 638-39 (9th Cir. 2010). "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)).

2.   In the FAC, Marble Bridge alleges that Roter prepared the fraudulent Nature's Own Aging Report dated July 12, 2011 (the "Aging Report"), and that Marble Bridge relied upon the Aging Report to reach an agreement with Liquid Capital Exchange, Inc. to purchase its share of the Nature's Own accounts receivable. In moving for sanctions, the Exchange Defendants argue these allegations are "demonstrably without evidentiary support" because the information available prior to the initiation of this action is insufficient to establish either that Roter created the Aging Report or that Marble Bridge relied on the Aging Report in deciding to do business with the Exchange Defendants. To that end, the Exchange Defendants cite to certain evidence it argues was available to Marble Bridge and disproves its theory of the case. This includes emails between Roter and representatives of Marble Bridge and Nature's Own, which the Exchange Defendants believe show they did not provide Marble Bridge with the Aging Report. It also includes testimony from depositions conducted in connection with related cases, which has been submitted to support the argument that Marble Bridge could not have relied on the Aging Report when it decided to take on Nature's Own as a client.

3.   The Exchange Defendants also appear to rely on the deposition testimony of Marsha Holloway a/k/a Annette Zimmerman, which Marble Bridge cited in its original complaint and which the court considered when ruling on a prior motion to dismiss. In connection with a determination that Marble Bridge had not properly identified each defendant's role in the Nature's Own scheme, the court observed the allegation that all of the defendants had participated in preparing the Aging Report appeared to be inconsistent with Holloway's testimony that a defendant other than the Exchange Defendants prepared the report.

2
Case No.: 5:15-cv-00177-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS

4. Given the record presented, the Exchange Defendants' Rule 11 argument is a plausible one. Nevertheless, this motion for sanctions is premature at this stage of this case. "Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." Lichtenstein v. Consol. Servs. Grp., Inc., 173 F.3d 17, 23 (1st Cir. 1999); accord Fed. R. Civ. P. 11 advisory committee's note (1983) ("The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ."); Fed. R. Civ. P. 11 advisory committee's note (1993) ("As under the prior rule, the court may defer its ruling (or its decision as to the identity of the persons to be sanctioned) until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred or to identify the person responsible for the violation."). "This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper." Lichtenstein, 173 F.3d at 23. "Although dismissal of baseless claims is theoretically available under Rule 11, it is better to deal with those arguments on the merits under a rule like Rule 56." In re New Motor Vehicles Canadian Exp. Antitrust Litig., 244 F.R.D. 70, 74 (D. Me. Aug. 22, 2007).

5. Here, the instant motion in effect asks for a finding, based on the Exchange Defendants' selection of evidence and their interpretation of it, that Marble Bridge's claims are frivolous and factually baseless. But the parties have not yet had the benefit of a full investigation; in fact, the Exchange Defendants had only answered the FAC one month before this motion was filed. Thus, the factual record presented is undeniably incomplete and, therefore, an improper basis for the imposition of Rule 11 sanctions.

6. Moreover, assessing whether or not sanctions should be imposed now would collapse this motion with one for summary judgment, whereas it is the latter, rather than the former, that is the mechanism best suited to addressing the factual viability of Marble Bridge's

1    claims.  In addition, taking up an early Rule 11 motion may encourage the use this device as a way
2    to derail the normal litigation process, which it should not be.
3            For these reasons, the Exchange Defendants' motion for sanctions (Dkt. No. 62) is
4    DENIED WITHOUT PREJUDICE to renewal at a later stage in these proceedings.  Marble
5    Bridge's request for an award of expenses pursuant to Rule 11(c)(2) is DENIED because such
6    expenses are not warranted.  Although this motion was premature, the court cannot find that it was
7    meritless or "a paradigmatic example of the type frowned upon by the courts."

**IT IS SO ORDERED.**

Dated: June 8, 2016



EDWARD J. DAVILA
United States District Judge

*United States District Court*
*Northern District of California*

---

4
Case No.: 5:15-cv-00177-EJD
ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS